UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FARAMARZ ZAHEDI,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 2:20-cv-01936-FMO (SHK)<br><br>**ORDER DISMISSING COMPLAINT** |

## I.  BACKGROUND

On February 15, 2020, pro se Plaintiff Christopher Faramarz Zahedi ("Plaintiff") constructively filed[1] a civil rights Complaint ("Complaint" or "Compl.") under 42 U.S.C § 1983.  Electronic Case Filing Number ("ECF No.") 1, Compl.  On May 4, 2020, after screening the Complaint under 28 U.S.C. § 1915, the Court issued an Order dismissing Plaintiff's Complaint, without prejudice and with leave to amend ("ODLA"), and provided Plaintiff with twenty-one days to

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

1 file a First Amended Complaint ("FAC") should he so choose. ECF No. 6,
2 ODLA. In the ODLA, the Court warned that "if Plaintiff does not comply with the
3 instructions enumerated above," including timely filing a FAC, "the Court may
4 recommend that this action be dismissed with or without prejudice for failure to
5 state a claim, failure to prosecute, and/or failure to obey Court orders under
6 Federal Rule of Civil Procedure 41(b)." Id. at 16. On that same date, the Clerk
7 mailed the ODLA to the address of record as provided by Plaintiff:
8     Christopher Faramarz Zahedi BK3884
9     CRC
10    PO Box 3535
11    Norco, CA 92860
12 On May 20, 2020, the Postal Service returned the mailing with an annotation
13 by the jail facility: "Paroled 4/7/2020." See ECF No. 7, Returned Mail. Further,
14 the Court's review of the State Inmate Locator website indicated that Plaintiff is no
15 longer in state custody. Plaintiff, however, never filed anything with the Court
16 updating his address as required by Local Rule ("L.R.") 41-6.
17     In an effort to again contact Plaintiff, the Court issued a second order
18 requiring a response, with the hope that it would be forwarded to an address
19 provided by Plaintiff. ECF No. 8, Order re Returned Mail. Additionally, because it
20 did not appear that Plaintiff received the Court's ODLA, and, because Plaintiff's
21 FAC was due on May 25, 2020, the Court extended Plaintiff's time to file his FAC
22 until June 24, 2020. Id. at 2. The Court warned Plaintiff that "**failing to update
23 his current address by the foregoing deadline will result in a recommendation
24 that this action be dismissed for failure to prosecute**." Id. (emphasis in
25 original). On June 29, 2020, the Postal Service returned the second order [ECF
26 Nos. 6, 8] as undelivered to Plaintiff. ECF No. 9, Second Returned Mail.
27     As of the date of this Order, Plaintiff has not filed a FAC, updated his
28 address with the Court, or otherwise contacted the Court.

## II.      DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

Further, L.R. 41-6 requires a pro se litigant to keep the Court and opposing parties apprised of the party's current address, telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of the plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution. L.R. 41-6.

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte

1  dismissal, however, the fifth Henderson factor regarding the availability of less
2  drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.
3       Here, the first two factors—public interest in expeditious resolution of
4  litigation and the Court's need to manage its docket—weigh in favor of dismissal.
5  Despite extensions and warnings, Plaintiff has failed to respond to multiple Court
6  orders, failed to keep the Court apprised of his address, and has failed to file his
7  FAC.  This failure to prosecute and follow Court orders hinders the Court's ability
8  to move this case toward disposition and suggests Plaintiff does not intend to
9  litigate this action diligently.  See id.
10      The third factor—prejudice to Defendant—also weighs in favor of dismissal.
11 A rebuttable presumption of prejudice to a defendant arises when plaintiffs
12 unreasonably delay prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53
13 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered any excuse for
14 his failure to comply with the Court's orders and with local rules and respond in a
15 timely manner, and this "prejudice" element thus favors dismissal.
16      The fourth factor—public policy in favor of deciding cases on the merits—
17 ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move
18 litigation towards disposition at a reasonable pace and to avoid dilatory and evasive
19 tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff
20 has not met this responsibility despite having been: (1) instructed on his
21 responsibilities; (2) granted sufficient time in which to discharge them; and (3)
22 repeatedly warned of the consequences of failure to do so.  See ECF Nos. 6, 8.
23 Under these circumstances, though this policy favors Plaintiff, it does not outweigh
24 Plaintiff's failure to obey Court orders and rules or to file responsive documents
25 within the time granted.
26      The fifth factor—availability of less drastic sanctions—also weighs in favor
27 of dismissal.  The Court cannot move the case toward disposition without
28 Plaintiff's compliance with Court orders or participation in this litigation.  Despite

4

repeated attempts by the Court to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents or unable to otherwise cooperate in prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders and failed to follow local rules, the Court DISMISSES this case, without prejudice.

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED: 7/28/2020

/s/
HON. FERNANDO M. OLGUIN
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge